## Householder v. Kulsic

John Alan Conte, for plaintiffs Bowman.
Nick A. Frisk Jr., for plaintiff William Householder.
Charles W. Garbett, for defendants.

STEEGE, *J.*, January 26, 1987 — On December 3, 1986, William Householder, one of plaintiffs herein, filed a request for admissions (the request for admissions upon defendants pursuant to Pa.R.C.P. 4014. On December 30, 1986, in accordance with the provisions of rule 4014(b), defendants filed objections to the request for admissions on the grounds, generally speaking, that the admissions sought were outside the parameters of Rule 4014 or were irrelevant. Householder then moved to determine the sufficiency of the objections to the request for admissions (Rule 4014(c)) and the court set the matter down for argument. Briefs were filed by counsel for Householder, by counsel for Householder's co-plaintiffs and by counsel for defendants, and the matter was argued on January 23, 1987.[1]

The request for admissions contained 85 statements, each of which related to and was derived from one or another of the medical reports of three physicians, John C. Gaisford, M.D., Hirsch Wachs, M.D., Ph.D., and Dario Dante Castelli, M.D., whose respective written medical reports were attached.[2]

While many of the statements for which admissions are sought relate strictly to medical facts, such as the size and location of scars, the request for admissions is replete with statements relating to medical opinions, of which the following are examples:

"(16) Dr. Gaisford believes that William Householder's scars cannot be eradicated by surgery.

---

1. Householder filed another request for admissions on December 30, 1986, to which neither objections nor answers have been filed. The request for admissions filed on December 30, 1986, is not before us.

2. Dr. Castelli was Householder's treating physician. Drs. Gaisford and Wachs were retained by the defense to examine Householder and to make a report concerning his condition.

"(18) Dr. Gaisford believes that surgery on all of these scarred areas would be reasonable to consider.

"(49) Dr. Wachs believes that these neurologic findings are typical of a right sciatic nerve lesion.

"(50) Dr. Wachs believes that the nerve lesion is a result of the trauma to William Householder which occurred on July 19, 1985, during the automobile accident which is the subject of the suit.

"(51) Dr. Wachs believes that the sciatic nerve injury is not complete but it does affect the dorsiflexors of the right foot and right hamstring.

"(78) Dr. Castelli believes that an attempt to surgically correct the scars of William Householder's forehead would probably cause more harm.

"(80) Dr. Castelli believes that the Zyderm method of treatment would possibly require, at the maximum, a year and one-half of repeated injections."

It is Householder's contention that, if these statements are admitted or deemed to be admitted pursuant to rule 4014, then they may be introduced as evidence at trial along with the other medical evidence.

Rule 4014(d) provides in part that, "[a]ny matter admitted under this rule is conclusively established. . . ." Householder contends that, if any of the statements are admitted, what would be "conclusively established" is that the admitted statements become properly admissible as evidence. We disagree. The purpose of rule 4014 is to permit certain matters to be "conclusively established" so that they will not be matters in dispute at the trial. It does not compel a party to admit that certain evidence exists but need not be produced in order to be introduced.

The statements contained in the request for admissions are leading questions drawn to Householder's advantage from unsworn medical reports. It would be patently unfair to force defendants to re-

spond to them. The only fact "conclusively established" in any of the statements, if admitted, is that the physician has made a finding or formed an opinion. That fact, of itself, is not relevant, and does not permit the introduction into evidence of the substance of the finding or opinion. Rule 4014 does not compel a party to admit what a prospective witness, if called, might testify to.

We shall sustain the objections to the request for admissions and we enter the attached.

### ORDER

And now, this January 26, 1987, defendants' objections to plaintiff William Householder's request for admissions which was filed on December 3, 1986, are sustained. The request for admissions which was filed on December 3, 1986, is stricken.

This order is an interlocutory order in a matter in which and final order would be within the jurisdiction of the Superior Court. We are of the opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of this case. 42 Pa.C.S. §702(b); Pa. R.A.P. 312, 1311.